IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON KOKINDA,<br>    Petitioner,<br><br>v.<br><br>ROBERT GILMORE,<br>JOSH SHAPIRO,[1] the Attorney General of<br>the State of Pennsylvania, and<br>JAMES B. MARTIN, the District Attorney<br>of the County of Lehigh,<br>    Respondents. | CIVIL ACTION<br><br><br><br>NO. 13-2202 |

## O R D E R

**AND NOW**, this 24th day of May, 2017, upon consideration of the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by *pro se* petitioner, Jason Kokinda, (Doc. No. 5, filed May 21, 2013), the record in this case, the Report and Recommendation of United States Magistrate Judge Lynne A. Sitarski dated April 25, 2017 (Doc. No. 150, filed April 27, 2017), *pro se* petitioner's Objections to April 25, 2017, R&R (Doc. No. 155, filed May 8, 2017), and Response to Petitioner's "Objections to April 26, 2017, R&R" (Doc. No. 157, filed May 16, 2017), **IT IS ORDERED** as follows:

  1.  The Report and Recommendation of United States Magistrate Judge Lynne A. Sitarski dated April 25, 2017, as modified by this Order, is **APPROVED** and **ADOPTED**;

  2.  The Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by *pro se* petitioner, Jason Kokinda, is **DENIED** and **DISMISSED**;

  3.  The Objections to April 25, 2017, R&R filed by *pro se* petitioner, Jason Kokinda, are **OVERRULED** for the reasons set forth below; and

  4.  The Clerk of Court shall mark the case **CLOSED**.

---

[1] Josh Shapiro became the Attorney General of the State of Pennsylvania on January 17, 2017. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Josh Shapiro is substituted for Kathleen Kane as a respondent in this suit.

**IT IS FURTHER ORDERED** that a certificate of appealability will not issue because reasonable jurists would not debate (a) this Court's decision that the petition does not state a valid claim of the denial of a constitutional right, or (b) the propriety of this Court's procedural rulings with respect to petitioner's claim. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The decision of the Court is based on the following:

1. Presently before the Court is *pro se* petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. Petitioner asserts four grounds for habeas relief: (1) the invalidity of *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938); (2) ineffective assistance of counsel; (3) two alleged Due Process violations relating to the charging documents and alleged *Brady* violations; and (4) Post Conviction Relief Act ("PCRA") Court error. The Report and Recommendation ("R&R") prepared by Magistrate Judge Sitarski recommends that the habeas petition be denied. *Pro se* petitioner filed objections to the R&R on May 8, 2017, and respondents filed their responses to those objections on May 16, 2017.

2. The Court conducts a *de novo* review of the contested portions of the R&R. *See Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). In conducting the *de novo* review, the Court may place "whatever reliance [it], in the exercise of sound judicial discretion, [chooses] to place on a magistrate's proposed findings and recommendations." *United States v. Raddatz*, 447 U.S. 667, 676 (1980). To the extent *pro se* petitioner's objections are merely "general in nature," the Court "need not conduct a *de novo* determination." *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). The Court addresses each of *pro se* petitioner's objections in turn.

**OBJECTION 1: INVALIDITY OF *ERIE***

3. Petitioner's first objection to the R&R asserts that Magistrate Judge Sitarski "wholly evades discussion of [his] *Erie* claims." Objections at 2. Contrary to petitioner's assertion,

Magistrate Judge Sitarski discussed petitioner's *Erie* claim and concluded that "the PCRA Court determined that Petitioner's jurisdictional claim lacked merit pursuant to its interpretation of the Pennsylvania constitution. This is a question of Pennsylvania state law that this court will not disturb." R&R at 13. This Court agrees with that statement. The Court further notes that *Erie* is inapplicable to these proceedings because *Erie* concerned the application of substantive state law in civil diversity cases. Thus, the Court overrules petitioner's objection on this issue.

**OBJECTIONS 2 AND 5: INEFFECTIVE ASSISTANCE OF COUNSEL**

4. Petitioner's second objection to the R&R states that it "fail[s] to address how Mr. Kokinda believed that agents were actual minors, when they framed their characters as if mere adults role-playing, rhetorically." Objections at 2. In Objection 5, petitioner claims that "the failure of trial counsel to obtain medical records [allegedly documenting his asexuality] was another inexcusable fatal error." Objections at 5. To succeed on an ineffective assistance of counsel claim, a petitioner must show that "counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689.

5. In this case, as the PCRA Court and Magistrate Judge Sitarski concluded, petitioner's trial counsel determined that an insanity defense was the most reasonable strategy after investigation into petitioner's psychiatric history, consultation with experts, and review of the record. R&R at 19. As noted in the R&R, "[t]he role-playing defense now preferred by petitioner did not have a greater likelihood of success, as Petitioner not only engaged in chats, but sent pictures and arranged to meet his intended victim." R&R at 19. The PCRA Court concluded that counsel made a strategic decision to pursue an insanity defense and that counsel was effective. *See*

3

*Werts v. Vaughn*, 228 F.3d 178, (3d Cir. 2000) (holding that Pennsylvania follows an ineffective assistance of counsel standard not contrary to the *Strickland* standard). Under the circumstances of petitioner's case, petitioner has not demonstrated that the adjudication of this claim by the state courts was contrary to, or an unreasonable application of, clearly established federal law.

Similarly, trial counsel's decision to pursue an insanity defense and not introduce evidence of petitioner's alleged asexuality was a strategic decision. First, petitioner has presented no evidence of his alleged asexuality. Even assuming that petitioner is asexual, the Court rejects petitioner's argument that "it is absurd to find criminal sexual predisposition in an asexual." Objections at 5. Second, petitioner has made no showing that counsel's alleged failure to obtain his medical records of asexuality resulted in "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial," *Hill v. Lockhart*, 474 U.S. 52, 59 (1985), because petitioner knew of his alleged asexuality at the time he pled guilty to the offense. Accordingly, the Court overrules petitioner's objections on this issue.

**OBJECTION 3: ALLEGED *BRADY* VIOLATION**

6. Petitioner's third objection to the R&R argues that "the R&R makes the fatal errors of assuming that Mr. Kokinda did not go to trial. And therefore that, *Brady* and its progeny; did not require pre-trial disclosure of evidence, evidence that resolved dispute over age-oriented role-play." Objections at 3. Contrary to petitioner's assertions, Magistrate Judge Sitarski analyzed his *Brady* argument in the R&R. R&R at 36. Magistrate Judge Sitarski concluded that a *Brady* violation did not occur on the grounds that (a) the allegedly suppressed evidence[2] would merely form the groundwork for possible arguments or defenses and (b) that petitioner failed to prove the materiality of the alleged evidence because it would not have changed his plea. *Id.* Upon review of the record

---

[2] The Court notes that petitioner has produced no factual support for his contention that such suppressed evidence exists. Nonetheless, this Court and Magistrate Judge Sitarski address petitioner's claim as if it does.

4

and the R&R, the Court concludes that there is no "reasonable probability that, had the [alleged] evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Brown*, 250 F.3d 811, 818 (3d Cir. 2001) ("Here, in light of Brown's confession, the signed ATF Forms that corroborate her confession, and Brown's agreement in open court that the factual basis for the crimes, as recited by the government, was accurate and correct, we conclude that she has not undermined our confidence in the outcome of this case."). Thus, the Court overrules petitioner's objection on this issue.

**OBJECTION 6: DENIAL OF COUNSEL**

7. Petitioner's sixth objection states that "all of the severe errors by counsel, accumulatively demonstrate a denial of counsel; that he [defense counsel] acted more as a saboteur than a defender." Objections at 6. In Objection 6, petitioner raises no specific objection to Magistrate Judge Sitarski's conclusions on his ineffective assistance of counsel claims. Given the general nature of petitioner's objection, the Court "need not conduct a *de novo* determination." *Goney*, 749 F.2d at 6-7. The Court agrees with Magistrate Judge Sitarski that counsel was effective and that each of petitioner's discreet ineffectiveness claims are meritless. Accordingly, it overrules petitioner's objection on this issue.

**OBJECTION 7: CERTIFICATE OF APPEALABILITY, ALL OTHER ISSUES**

8. Petitioner's seventh objection states that petitioner objects to "any other adversarial conclusion expressed or implied in the R&R" and the denial of the issuance of a certificate of appealability, without stating a reason for this objection. Objections at 6. Based on the general nature of petitioner's objection to "any other adversarial conclusion expressed or implied in the R&R," this Court "need not conduct a *de novo* determination" of that objection. *Goney*, 749 F.2d at 6-7.

As to the certificate of appealability, such certificates are granted only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because this Court concludes that petitioner has not demonstrated "that reasonable jurists would find [its] assessment of the constitutional claims debatable or wrong," the Court agrees with Magistrate Judge Sitarski that there is no basis for the issuance of a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

> **BY THE COURT:**
>
> /s/ Hon. Jan E. DuBois
> _____
>     **DuBOIS, JAN E., J.**